PRESENT:  All the Justices

CITY OF DANVILLE

v.  Record No. 160979

JACQUELINE GARRETT

OPINION BY
JUSTICE S. BERNARD GOODWYN
August 31, 2017

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

In this appeal, we consider whether the circuit court erred by applying Code § 51.1-813 to determine the amount of disability benefits that the City of Danville and its retirement system are obligated to pay a former police officer.

BACKGROUND

Jacqueline Garrett (Garrett) filed a complaint in the Circuit Court of the City of Danville against the City of Danville (the City) on March 6, 2013, alleging that the City had failed to pay her the proper amount of benefits to which she was entitled as a disabled police officer.  The City was paying Garrett a benefit calculated pursuant to Chapter 32 of the Danville Code of Ordinances, which established the terms of the City of Danville's Employees' Retirement System (ERS), pursuant to which Garrett received a benefit of 30 percent of her salary.  Garrett alleged that, as a service-related disabled police officer, Code § 51.1-813 establishes her entitlement to a minimum benefit of 66 2/3 percent of her average salary.

On December 11, 2015, the circuit court held a bench trial in which it addressed the issue of whether Code § 51.1-813, rather than Chapter 32 of the Danville Code of Ordinances, controlled the calculation of the amount of Garrett's disability benefits.

The parties stipulated to the following:

1.  Garrett was injured on February 24, 2008 in a motor vehicle accident while employed as a police officer for the City.

2.  She received a workers' compensation award as a result of the injuries she had in that accident.

3.  She applied for and received what is called line of duty designation [disability], that her disability, her inability to work as a police officer, was the result of injuries she had in that motor vehicle accident, and that application was approved on June 13, 2013.

4.  The City is not part of the State retirement system.

5.  The City's retirement system is governed by Chapter 32 of the City Code.

6.  The City does not have a separate police retirement system.

The circuit court declared that "the City of Danville and the Employees' Retirement System of the City of Danville are subject to and governed by the provisions of Code § 51.1-813," and that the City and its ERS "are in violation of the provisions of § 51.1-813." It ruled that the City and its ERS were required by the provisions of Code § 51.1-813 to award "a disability retirement benefit to Garrett at a rate of no less than [66 2/3 percent] of the average of her final compensation at the time of her separation from the [City] (October 1, 2012)" for a service-incurred injury and resulting disability. The court entered its final judgment order on March 25, 2016.

The City appeals.

ANALYSIS

The City asserts that the circuit court erred in interpreting Code § 51.1-813, which is in Article 2 of Chapter 8 of Title 51.1 of the Code of Virginia. It argues that the circuit court failed to consider the context of the statutory scheme governing local retirement systems or the prerequisites for the applicability of Article 2, and thus Code § 51.1-813, to the City and its retirement system.[1]

---

[1] This Court granted the City's motion for an extension of time to file its petition for appeal under Rule 5:5. In response thereto, Garrett contends that this Court lacks subject matter

Code § 51.1-813 states:

> If any member of a police department of a county, city, or town, other than the City of Richmond, which has a pension plan becomes disabled as a result of activities in the discharge of the member's official duties, the member shall receive, as pension and benefits during such disability, the sum of not less than sixty-six and two-thirds percent of the member's salary until eligible to retire under age and service retirement.

The circuit court ruled that this Code provision applies to the City and its retirement system, and ordered them to pay Garrett a disability benefit in an amount calculated in accordance with the percentage stated in Code § 51.1-813.

This appeal presents an issue of statutory interpretation regarding Article 2 of Chapter 8 of Title 51.1, which this Court reviews de novo. *Alexandria City Council v. Mirant Potomac River, LLC*, 273 Va. 448, 455, 643 S.E.2d 203, 207 (2007). This Court also reviews de novo the application of a statute to the undisputed, stipulated facts in a declaratory judgment action. *Board of Supervisors of James Cty. v. Windmill Meadows, LLC*, 287 Va. 170, 174-75, 752 S.E.2d 837, 839-40 (2014). As we observed in that case,

> When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute. When the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it actually has expressed.

*Id.* at 179-80, 752 S.E.2d at 842 (internal citations, quotation marks, and alteration omitted).

Title 51.1 of the Code of Virginia governs "Pensions, Benefits, and Retirement." It has 14 chapters. Each of those chapters addresses a different aspect of benefits, pensions, retirement,

jurisdiction over this appeal under Code § 8.01-671. We reject that contention, concluding that Code § 8.01-671 does not affect the Court's subject matter jurisdiction.

3

and insurance for various categories of state and local governmental entities or employees. Chapter 8 of Title 51.1 addresses and is entitled "Local Retirement Systems."  Chapter 8 has three Articles.  Article 1, Code §§ 51.1-800 through -806, contains "General Provisions" regarding a locality's obligation to provide a retirement system for its employees.[2]  Article 2, Code §§ 51.1-807 through -820, addresses "Members of Police Departments."  Article 3, Code §§ 51.1-821 through -823, addresses "Counties Having [an] Urban County Executive Form of Government," so it is not applicable to the City.

The City questions the applicability of Article 2, and thus Code § 51.1-813, to the City and its retirement plan.  As its penultimate section, Article 2 includes Code § 51.1-819, entitled "Adoption of article optional by counties, cities, and towns," which sets forth the process by which a locality may adopt the provisions of Article 2:

> Any county, city, or town in this Commonwealth having a police department *may adopt the provisions of this article* and establish a police officers' pension and retirement board if the governing body of the county, city, or town adopts a resolution approved by a majority of all the members thereof, by a recorded yea and nay vote.
>
> Upon adoption of a resolution and establishment of the police officers' pension and retirement board, the board shall be vested with all the powers, authority, and duties established under this article.

Code § 51.1-819 (emphasis added).  Article 2 concludes with Code § 51.1-820, which provides: "All of the provisions of this article, including all authorizations and all requirements, *shall apply* to all counties having the county manager plan of government, except Arlington County." (Emphasis added.)

---

[2] The City does not dispute that Title 51.1, Chapter 8, Article 1 (Code §§ 51.1-800 through -806) applies to all local governments in the Commonwealth with independent retirement systems.  It is undisputed that the City's ERS plan is subject to and complies with Article 1.

Read together, the plain language of Code §§ 51.1-819 and -820 indicates that Article 2 does not apply to localities, other than those counties having a county manager plan of government (except Arlington), unless a locality adopts the provisions of Article 2 in the manner described in Code § 51.1-819. Code § 51.1-819 is an opt-in provision for localities, regarding Article 2. Localities—except those governed by Code § 51.1-820—may, but are not required to, adopt the provisions of Article 2 by a recorded vote of their governing bodies. This interpretation is bolstered by the fact that Code § 51.1-820, which mandates the application of Article 2 to certain counties, would be unnecessary if the provisions of Article 2 otherwise applied to all localities, whether they adopted Article 2 or not.

It is undisputed that the City never passed a resolution adopting the provisions of Article 2 as required by Code § 51.1-819, and the City of Danville does not have a county manager form of government. Thus, the provisions of Article 2, including Code § 51.1-813, do not apply to the City because the City has neither taken steps to adopt Article 2, nor is the City included in the legislative direction mandating compliance with Article 2. The circuit court therefore erred in ruling that the City and its retirement system were subject to and governed by the provisions of Code § 51.1-813, and in ordering the City and its retirement system to make payments to Garrett in compliance with Code § 51.1-813.

CONCLUSION

For the reasons stated above, the judgment of the Circuit Court of the City of Danville will be reversed, and final judgment will be entered for the City.

*Reversed and final judgment.*

5